IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAROL JEAN DIMOCK,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>ETHICON, INC. et al. ,<br><br>　　　　　　　Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:15-mc-819-TC-BCW<br><br>District Judge Tena Campbell<br><br>Chief Magistrate Judge Brooke Wells |

　　　　District Judge Tena Campbell has referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the Court is non-party Peggy A. Norton, M.D.'s ("Dr. Norton") motion to quash two subpoenas or in the alternative, motion for protective order.[2] Although oral argument has been requested, pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court finds good cause does not exist for oral argument and elects to determine the motions on the basis of the written memoranda.[3] Having reviewed the briefing submitted, and for the reasons set forth below, the Court RECOMMENDS that Dr. Norton's motion to quash subpoena be DENIED and that Dr. Norton's motion for protective order be GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

　　　　Dr. Norton seeks an order quashing two subpoenas served upon her that compel her to testify as a non-party witness and to produce documents.   In the alternative, Dr. Norton "seeks a protective order…to ensure that questioning during her deposition is properly confined to factual

---

[1] Docket no. 3.

[2] Docket no. 2.

[3] *See* DUCivR 7-1(f).

testimony about her involvement in the rehabilitative treatment of former patient, Plaintiff Carol J. Dimock." ("Plaintiff")[4]

This is a multi-district litigation case based in the Southern District of West Virginia ("Ethicon MDL").  Plaintiff is part of a group of 200 other cases against Defendant Ethicon and its related entities for injuries related to the surgical implantation of Ethicon's mesh products in her pelvic area.  As set forth in Plaintiff's Response to Motion to Quash, "on August 8, 2015, Judge Goodwin, the judge for the Ethicon MDL ordered Ms. Dimock to prepare her case for trial [and ordered that] the parties could take the depositions of four treating physicians but limited each deposition to no more than three hours."[5]

Dr. Norton has extensive experience in the area of rehabilitative treatment relating to surgical mesh.  According to Plaintiff, Dr. Norton "…through the course of her career…has advised and treated hundreds of patients who had transvaginal mesh implanted by other physicians."[6]  More specifically, Plaintiff asserts

> [o]ver the years, Dr. Norton or members of her office have seen over 800 women with transvaginal mesh complications.  Dr. Norton found it was a considerable challenge to treat the number of transvaginal mesh patients referred to her while still devoting sufficient time to her other clinical, research, and departmental administrative duties.  As a result of these challenges, Dr. Norton has had to limit her treatment of transvaginal mesh patients.[7]

Dr. Norton has treated Plaintiff from January 12, 2010 through the present.[8]  She has performed reconstructive surgery on Plaintiff on at least four occasions. The parties desire to

---

[4] Docket no. 2.

[5] Docket no. 8.  The Court notes that based upon the submissions, it is unclear whether the deposition of Dr. Norton is to be a combined deposition for three hours total or if each side gets three hours to depose Dr. Norton.  The Court presumes that the deposition of Dr. Norton will be a combined deposition for three hours total.  Therefore, the Court's Report and Recommendation is limited in scope to that presumption.

[6] Docket no. 2.

[7] *Id*.

[8] *Id*.

depose Dr. Norton as treating physician and have subpoenaed her testimony and documents related to Plaintiff's treatment and Dr. Norton's expertise.

Plaintiff's subpoena was issued on October 8, 2015. It requests a copy of Dr. Norton's curriculum vitae, complete medical records of Ms. Dimock, a range of documents relating to Ethicon, and copies of brochures, documents or other materials relating to pelvic mesh products that Dr. Norton provided to Ms. Dimock and other patients.

On November 16, 2015, Ethicon served its own subpoena upon Dr. Norton which also commanded testimony and documents. Specifically, Defendant's Subpoena commanded Dr. Norton to produce documents relating to treatment of Plaintiff, any documents "reviewed, referred to, or relied upon in arriving at any of your medical opinions concerning your treatment and care of plaintiff" and "[a]ll documents referencing or referring to the Pelvic Mesh Product at issue, including, but not limited to, brochures, clinical studies, journal articles, reference books, pelvic mesh kits, DVDs and any other information you have on the produce." It also required production of "professional educational materials [Dr. Norton has] received from Ethicon, Inc. and/or any other sources concerning the Pelvic Product at issue." Dr. Norton moves to quash both subpoenas or in the alternative to be protected from their full scope.

## LEGAL STANDARD

The scope of discovery is defined by Federal Rules of Civil Procedure 26(b). Pursuant to that rule, litigants may obtain discovery regarding

> …any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[9]

---

[9] F.R.C.P. 26(b)(1).

In addition to the discovery parameters set forth in Rule 26, the following general standards govern civil discovery in federal court. "[A] court may 'make any order which justice requires protecting a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'"[10]   Accordingly, "[t]he district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion."[11]  Moreover, "…discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.'"[12] "Although the scope of discovery under the federal rules is broad, however, parties may not engage in a 'fishing expedition' in an attempt to obtain evidence to support their claims or defenses."[13]

Under Rule 45, any party may serve a subpoena commanding a nonparty "to attend and testify" or to "produce designated documents."[14]  Any such subpoena is subject to the relevance requirements set forth in Rule 26(b).  If requested, a court may quash or modify a subpoena for a variety of reasons, including that the subpoena "subjects a person to undue burden."[15] Rule 45 also authorizes a court to quash or modify a subpoena if it requires "disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party."[16]

---

[10] *Richards v. Convergys Corp.*, No. 2:05-cv-00790-DAK & 2:05-cv-00812-DAK, 2007 WL 474012, at *2 D.Utah 2007)(citing Fed. R. Civ. P. 26(c)).

[11] *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.,* 600 F.3d 1262, 1271 (10th Cir.2010) (quotations and citations omitted).

[12] *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir.1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)).

[13] *Richards*, (quoting *Munoz v. St. Mary–Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir.2000)).

[14] F.R.C.P. 45(a)(1)(A)(iii).

[15] F.R.C.P. 45(d)(3)(A)(iv).

[16] F.R.C.P. 45(d)(3)(B)(ii.)

**DISCUSSION**

Dr. Norton argues that the subpoenas served upon her should be quashed for three reasons: (1) under the mandatory language of Rule 45(d), the request for marginally relevant discovery subjects Dr. Norton to unnecessary undue hardship; (2) under the permissive language of Rule 45(d), the discovery requests are directed at information and unretained expert opinions unrelated to Dr. Norton's involvement in Ms. Dimock's rehabilitative care; and (3) even if the subpoenas satisfy the demands of Rule 45, Dr. Norton seeks a protective order under Rule 26(c) to ensure that questioning during the deposition is limited to the issue of Ms. Dimock's rehabilitative care.[17]  For their part, both Plaintiff and Ethicon in their response memorandums offer suggestions to ease Dr. Norton's concerns.

Upon review, the Court under the guidance of Rule 26(b) and in its discretion finds that the information sought by Plaintiff and Ethicon is relevant to Plaintiff's claims.  As Plaintiff's treating physician, Dr. Norton clearly has relevant information about Plaintiff's condition and treatment.  In addition, Dr. Norton as the author of Plaintiff's medical records, is in the best position to review, interpret and explain her own treatment notes.  Therefore, the Court finds that a 3-hour deposition of Dr. Norton in Salt Lake City relating to her treatment of Plaintiff is not unduly burdensome or expensive.  Further, the Court finds that the information subpoenaed by Plaintiff and Ethicon from Dr. Norton does not seek unretained expert opinion so long as the information sought is focused on Dr. Norton's treatment of Plaintiff under the parameters set forth below.[18]  Accordingly, the Court finds Dr. Norton's arguments that she will be required to

---

[17] Docket no. 2.

[18] *DR Systems, Inc. v. Eastman Kodak Co.*, No. 09cv1625-H(BLM), 2009 WL 2982821 at *3 ("…percipient witness testimony is based on the first hand experience of the witness, i.e. the observations and conduct of the witness)(internal citations omitted).

5

participate in dozens, possibly even hundreds of depositions for her former patients pursuing similar claims, is speculative at this point. The Court agrees with Ethicon that "any perceived floodgates cannot serve as a basis for quashing a subpoena that undoubtedly seeks factual information directly related to the claims and defenses in this case."[19] Therefore, it is RECOMMENDED that Dr. Norton's Motion to Quash be DENIED.

Having recommended that the the subpoenas served upon Dr. Norton not be quashed, the Court RECOMMENDS that the District Court GRANT IN PART and DENY IN PART Dr. Norton's Motion for Protective Order and ORDER as follows:

- Dr. Norton's deposition is to be limited to three hours.
- The parties are to work to accommodate Dr. Norton's busy schedule as much as possible.
- Dr. Norton's deposition is to be conducted at the University of Utah Hospital or at another mutually agreeable location within Salt Lake City.
- Dr. Norton is to bring with her to the deposition:
    - a full and complete copy of medical records regarding plaintiff.
    - a copy of her current Curriculum Vitae.
    - a copy of any brochures, documents or other materials Dr. Norton provided to plaintiff regarding pelvic mesh products or procedures.
- The parties shall be permitted to inquire briefly into Dr. Norton's education, training, and experience for the limited purpose of establishing her competency to treat Ms. Dimock.

---

[19] Docket no. 9.

- The parties are directed not to attempt to obtain any unretained expert opinions on any matter outside of Ms. Dimock's treatment by Dr. Norton.

- Dr. Norton's testimony should be limited to the facts and circumstances of her treatment of Plaintiff.  Testimony should be limited to explaining Dr. Norton's medical records associated with her treatment of Ms. Dimock, identifying any medical condition diagnosed by Dr. Norton, describing treatment recommended or provided by Dr. Norton and recounting conversations Dr. Norton had with Ms. Dimock. It is natural to expect that these questions will require application of Dr. Norton's knowledge and expertise in connection with her treatment of Ms. Dimock.

## CONCLUSION & RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that Dr. Norton's motion to quash Subpoena be DENIED and Dr. Norton's Motion for Protective Order be GRANTED IN PART and DENIED IN PART.

## NOTICE

Copies of this Report and Recommendation are being sent to all parties who are hereby notified of their right to objection.[20]  A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

---

[20] See 28 U.S.C. §636(b)(1).

DATED this 11 January 2016.

*Brooke C. Wells*

Brooke C. Wells
Chief United States Magistrate Judge